# CASES ARGUED AND DETERMINED

### In The

# SUPREME COURT OF MISSISSIPPI

### AT THE

## SEPTEMBER TERM, 1922.

---

### BYARS *v.* DAVIS, Director General.

[94 South. 853. No. 23002.]

1. RAILROADS. *One going on track at place other than crossing in going to depot held a trespasser.*

    Where a railroad company provided a board crossing over the tracks for those desiring to cross the track to the depot, one who went upon the track a few feet from the crossing under the mistake belief that there was an excavation or ditch in the path leading to the crossing was a trespasser and not on the track by invitation or necessity.

2. RAILROADS. *Trespasser may recover for willful or wanton injury.*

    As one, who, in going to a railroad depot, did not use a crossing maintained by the company, but went upon the track at a different point, was a trespasser, the railroad owed her no duty except to not willfully or wantonly injure her.

3. RAILROADS. *One crossing track at unusual place acts at own peril.*

    Where a railroad provided a reasonably safe crossing for persons to use in going to the depot, one who undertook to cross at another and unusual place, which proved to be unsafe, did so at her own peril.

4. RAILROADS. *Maintenance of excavation between ties short distance from board crossing held not willful negligence.*

    Where a railroad maintained a board crossing for the use of persons going to the depot, it was not willful negligence, making it liable to a trespasser, to make an excavation between the ties from five to fifteen feet from the crossing for the purpose of carrying off water overflowing from a water tank.

1

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, JR., Judge.

Action by Mrs. A. T. Byars against Jas. C. Davis, director general and agent of the United States (Yazoo & Mississippi Valley Railroad Company). From a judgment for defendant, plaintiff appeals. Affirmed.

*Maynard, Fitzgerald & Venable,* for appellant.

It is admitted that if Mrs. Byars was a trespasser, the defendant owed her no duty other than not to injure her wilfully, and that the question on this phase of the case is whether or not under the circumstances, assuming her a trespasser, the injury amounted to wilfulness. Our contentions are, first, that Mrs. Byars was not a trespasser in entering upon the track at the place where and in the manner in which she did; and, second, that if it be assumed that she is a technical trespasser, conduct of the defendant amounted to that degree of wilfulness which would impose liability regardless of this fact.

There must always have been some exercise of volition making a party active or passive somewhere in the sequence of events preceding the harm and a volition capable of making or preventing the harm. *Quill* v. *Empire State Tel. & Tel. Co.,* 159 N. Y. 1, 53 N. E. 679; *Weeks* v. *McNulty,* 74 N. Y. 509; *Atchison, Topeka & Santa Fe R. R. Co.* v. *Bales,* 16 Kan. 252. The law does not, however, impute liability because the act of the person is the cause of a harm in the above sense. It requires as a rule at least more than a volition simply not to take action when the damage could be prevented, but as a rule requires some act and in addition requires that the causation should be culpable.

It may be said then generally that wherever a person foresees or should foresee that a contemplated act would probably result in damages to another, the law imposes the duty upon him of abstaining from this conduct and the notion of justice that holds him liable for the damages, if he chooses to do the act, is that having chosen the dan-

gerous path, he should be held liable for the consequences. When these conditions are met, the act of the person is held to be the legally responsible cause. *Vale* v. *Bliss,* 50 Barb. (N. Y.) 358; *Doyle* v. *Muelbricn,* 7 Abb. Pr. N. S. (N. Y.) 258; *Collins* v. *Hazel Lumber Co.,* 54 Wash. 524, 103 Pac. 798.

This principle is illustrated in the cases by persons finding themselves in an emergency choose a certain course of conduct to extricate themselves and are hurt. The fact that they chose this course of conduct does not excuse the one who negligently placed them in the emergency, because this conduct on the part of the injured person should have been foreseen as probable. The case illustrating the principle from our own reports, though presented in a different phase, is the case of *Brookhaven Lumber & Mfg. Company* v. *The Railroad Company,* 68 Miss. 432. Also, the *Union Pacific Railroad Company* v. *McDonald,* 152 U. S. 269. We conclude then on this phase of the case that the act of the railroad company in constructing the ditch constituted a case at least for the jury to decide whether or not this act was the legally responsible cause of the injury.

In the case at bar, the defendant says that though Mrs. Byars has suffered a damage in her body and feelings which is the subject of general protection by the law and even though the railroad company is, according to logic and to law, the legally responsible cause of it, still the damage done should be excused because in the instant case Mrs. Byars was a trespasser. We take issue with the defendant in the court below and reply to this that in the first place she was not a trespasser, and again we say that under the circumstances of the case even though she were a technical trespasser, the excuse does not apply.

Another exception to the rule, or rather another case where the rule does not apply, is where the injury was caused intentionally by the defendant or was caused by the negligence of the defendant, amounting to wanton recklessness. *Brownwell* v. *Flagler,* 5 Hill. 282; *Townsend* v. *Wethen, Kings Bench,* 9 East, 277; *Dean* v. *Clayton,* Com-

mon Pleas, 7 Tant, 489; *Byrd* v. *Holbrook,* Com. Pleas, 4 Bing. 629; *I. C. R. R. Co.* v. *Leiner,* 202 Ill. 624, 67 N. E. 98; *Palmer* v. *Gordon,* 173 Mass. 410; *Southern R. R. Co.* v. *Pitman,* 52 So. 207; *Stevens* v. *Yazoo, etc., R. R. Co.,* 81 Miss. 195; *Balmore* v. *Vicksburg, etc., R. R. Co.,* 85 Miss. 426; *Turner* v. *Y. & M. V. R. R. Co.,* 33 So. 283.

Another case in which it is held that the rule of the excuse on the ground of trespass does not lie, is found in cases where the plaintiff's trespass was unintentional and the probability of such trespass should have been foreseen. A case based on this principle is *Bonds* v. *Ward,* Com. Bench (Eng.) 3 C. B. 392.

In all of these cases, the basis of taking the occurrence out of the excuse of trespass is either that the negligence was so wanton or wilful as to evidence a disregard of consequences in view of the probability of the presence of the trespasser or else that the trespass was apt to be committed unintentionally and could and should have been foreseen, or that the act was done in contemplation of the presence of the trespasser on the premises as illustrated in the spring-gun cases with which the court is familiar and which are unnecessary to cite.

To like effect are the holdings that there is liability for unguarded excavation upon lands outside of public highway but so near to it as to endanger those who pass along the way in the exercise of ordinary caution, holding that this is a public nuisance from which may spring a right of action to one who suffers individual injury. *Crogan* v. *Schiele,* 53 Conn. 186, 55 Am. Rep. 88; *Lepnick* v. *Gaddis,* 72 Miss. 200; *Butz* v. *Cavanaugh,* 137 Mo. 503, 59 Am. St. Rep. 504.

In other words, the owner or occupier, after permitting by his license the use of the property in one condition and knowing that the licensee has become accustomed to the property in its then condition, cannot change the property so as to make it more dangerous for the reason that he should foresee the presence of the licensee and his probable injury by change of which he has not had notice. Cases to

this effect are *Lepnick* v. *Gaddis,* 72 Miss. 200, and *Felton* v. *Aubrey,* 200 C. C. A. 436, and see the cases compiled in the note in Ann. Cas. 1915D. 326. Some courts differ from this doctrine but this is the overwhelming view. The case of *Union Pacific R. R. Co.* v. *McDonald,* 152 U. S. 269, is instructive.

Applying this principle to the case at bar, we respectfully submit to the court that by the location of the depot, the filling in of the track and particularly by the building of the ditch, it being necessary to cross it in order to reach the right of way and the depot, the railroad company should have foreseen that some one coming to the depot on legitimate business with the carrier would probably on a dark and rainy night seek to go above the head of the ditch entering upon the tracks above the planked-in space, this being particularly true in view of the fact that people crossed along the right of way contiguous to this spot and that there was no walk or lighted way across the streets and right of way to the tracks.

We contend further, however, that under the facts of this case that Mrs. Byars was not a trespasser but was an invitee and therefore the railroad company owed her the duty to care for her safety. On this point, we believe that it is hardly necessary to seek for authorities beyond our own state. Of course, it is admitted on all hands that it is the duty of the railroad company to make its depot and approaches reasonably safe for those going there on lawful business. Neither will it be, nor can it be, contended in view of the facts of this record that Mrs. Byars' business was not with the company and of such a character to bring her within the protection of this rule. As we understand it, the reason for the rule of due care towards invitee is because as to these the owner or occupier of lands must be held to expect their presence and therefore must be held to have foreseen the probability of danger to them from any dangerous condition.

We particularly call the court's attention to the case of the *Railroad Company* v. *Hirsch,* 69 Miss. 126, which we

deem to be conclusive of this case. This case is practically on all-fours with the case at bar with reference to the location. In fact, we say it is the identical case in so far as the location, lay-out and surroundings of the station-house and tracks are concerned.

If it be argued that Mrs. Byars, should have gone north of the depot several hundred feet and crossed over the wagon track, we find that position also ruled against in that case. The pertinent question arises: Why was it that in this case the general location was held to be an implied invitation? Our court has answered this, in the case of *Allen* v. *Y. & M. V. R. Company,* 111 Miss. 267.

We further respectfully urge that the digging of this ditch in the way it was dug, making it necessary for anyone going from the hotel to the depot in the nighttime to cross it with great danger particularly to an aged or heavy person, the premises being unlighted, was an influence which would probably induce one to seek to enter the track north of what was supposed to be the head of the ditch, and according to the legal definition constituted an invitation so to do, and for this reason that Mrs. Byars cannot be held to be a trespasser but must be held to be an invitee to whom the defendant owed the duty of exercising due care for her safety.

We respectfully refer the court to the case of *Commonwealth* v. *Pierce,* 138 Mass. 165, 52 Am. Rep. 264, wherein Justice HOLMES with his usual perspicacity discusses the principles of imputed knowledge. On the question of inducement as constituting invitation, we also refer the court to the case of *Crogan* v. *Schiele,* 53 Conn. 186, 55 Am. Dec. 88. Also, on the question of influence or allurement as constituting an invitation, we beg leave to cite *Bennett* v. *Railroad Co.,* 102 U. S. 577. Also, the case of *Lakeshore etc., Ry Co.* v. *Cross,* 69 Mich. 363, 13 Am. St. Rep. 399, and the case of *E. Tenner Co.* v. *Watson,* 94 Ala. 634.

Other additional cases on the question of whether a person going on an unusual place by virtue of being induced so to do by an act of defendant renders the defendant liable

and prohibits the use of the excuse of trespass are to be found in the blocking crossing cases, some of which are set out and discussed in the note, 15 A. L. R., page 1054.

We very respectfully submit that neither on principle nor authority was Mrs. Byars a trespasser and that the learned court below was in error in granting a peremptory instruction for defendant.

*Chas. N. Burch, F. H. Montgomery* and *H. D. Minor,* for appellees.

Even if. we assume that the drain crossed the crossing to the depot and the defendant had dug a ditch across this drain, yet plaintiff can not recover, because plaintiff was not attempting to use the walkway and there is no allegation in the declaration that she was prevented from using the walkway by reason of the ditch.  The necessity of the declaration and proof harmonizing has been frequently emphasized by this court, and very recently in the case of *Hines* v. *McCullers,* 121 Miss. 675.

This court has steadily enforced the common-law doctrine that the plaintiff must recover upon proof sustaining the allegations of his declaration and not upon proof which might sustain the allegations of a different declaration. *City of Hattiesburg* v. *Reynolds,* 124 Miss. 352.

So likewise, in the present case.  The plaintiff alleged that there was only one proper walkway or approach to the station and that the same was defective by reason of ditch being dug across same.  Plaintiff cannot therefore recover when the proofs show that plaintiff was not attempting to use this walkway and, furthermore, when the proof shows that walkway was safe, the injury to the plaintiff having occurred off the walkway and out in the railroad yards.  Nor is there any allegation in the declaration that, by reason of the alleged defective walkway, plaintiff was compelled to get off the walkway and to seek another route to the depot.

It may be added that pleadings are construed most strongly against the pleader. As stated by Shipmen in his work on Common-Law Pleading, page 452 : "That construction is given that is most unfavorable to the party pleading, since it is presumed that every person states a case as favorably as possible for himself."

CASES CITED AND RELIED UPON BY APPELLANT. The cases cited and relied upon by appellant are totally inapposite for the reason that these cases involve a situation where persons were injured by defects in walkways or approaches to stations, when the plaintiff was trying to use such walkway or approach.

In *Allen* v. *Y. & M. V. R. R. Company,* 111 Miss. 267, it appeared that the plaintiff was injured while going down a flight of stairs maintained by the railroad company, and by reason of the defect in the stairs, the plaintiff was injured. In the instant case the declaration of plaintiff excludes the idea that there was any means of approach to the station except the regular walk way provided by the railroad company, and this walkway the plaintiff was not attempting to use.

In *Railroad Company* v. *Hirsch,* 69 Miss. 126, it appeared that the railroad company had thrown open all of its yard premises for general use by the public, and there was no well-defined walkway by which to approach the depot. Said the court : "All the tracks in the vicinity of the depot and the intervening spaces are filled in with cinders, and are thus made level and smooth. There was no well-defined crossing over the tracks in the vicinity of the depot, but several hundred feet north of the depot building there was a crossing maintained· by the company leading from the east across the tracks to a warehouse or freight depot situated on the west side of the above-mentioned four tracks. It was shown, however, that this crossing was never used by pedestrians approaching the depot from the business portion of the town."

In the instant case the plaintiff's whole case is based upon the theory that there was only one well defined and

available walkway. The case of *Lepnick* v. *Gaddis,* 72 Miss. 200, is likewise inapplicable for the reason that in that case it appeared that the owner of a vacant lot, and the owner of the property had removed all guards and protections from an open cistern. In such case the owner of the lot was properly held liable to one who fell into the cistern. It also appears from the report of this case that the plaintiff thought that the path he took was the regular highway, while in the instant case the plaintiff knew that she was not taking the regular path or highway, but an entirely different route.

The case of *Union Pacific R. R. Co.* v. *McDonald,* 152 U. S. 269, involves the doctrine of an attractive nuisance and inapplicable to the state of facts developed on this record. As a matter of interest it may be remarked that the case of *Union Pacific R. R. Co.* v. *McDonald,* 152 U. S. 269, is reviewed by the supreme court of the United States in the case of *United Zinc & Chemical Co.* v. *Britt,* decided by the U. S. supreme court March 27, 1922, in which the supreme court ends its opinion with the following statement: "A road is not an invitation to leave it elsewhere than at its end."

In any event, the cases involving the general question of nuisances attractive to children can have no application to an adult who knowingly and intentionally deviates from the beaten path and for purposes of her own goes into railroad yards away from the beaten path. Likewise the case of *Gerald* v. *Railroad,* 109 Miss. 49, is without application. This case involves a blocked crossing, illegally blocked so that plaintiff could not cross at all and plaintiff thinking the cars were permanently parked, attempted to crawl under same. No such situation is presented here. There was no blocking in the instant case of a crossing at all. The plaintiff, in the instant case, by reason of having seen a negro fall into a ditch in the railroad yards, appears to have assumed, without cause that by traveling the regular crossing she also might fall into this ditch, whereas, in point of fact, as shown by the proof, plaintiff was familiar

with the crossing, and there was no danger so long as she confined her walk to the regular crossing.

Much of the brief of plaintiff is taken up with a learned discussion of what is proximate cause in a legal sense and plaintiff has referred to learned discussions by such theoretical writers as Professor Wigmore. As to what is proximate cause in a legal sense, we are admonished that this court has said, in the case of *Lepnick* v. *Gaddis,* 72 Miss. 208: "We shall not here add to the innumerable efforts at definition of proximate and remote cause, a task well characterized by an eminent English judge as, something like having to draw a line between night and day."

UNDER THE CIRCUMSTANCES OF THIS CASE DEFENDANT OWED PLAINTIFF NO DUTY EXCEPT TO REFRAIN FROM WILFULLY OR WANTONLY INJURING HER. The plaintiff has staked her case on the proposition that there was only one available route to the station. As she did not take this route, but went through the yards of the defendant, she was a trespasser, or at most a mere licensee. The duty owed plaintiff under such circumstances is thus stated by this court in *Railroad* v. *Arnola,* 78 Miss. 788. She was a mere licensee, and the appellant owed her no duty except that of not inflicting upon her a willful or wanton wrong.

In *Nichols* v. *Railroad Co.,* 83 Miss. 139, the court says as to a licensee: "A licensee cannot cast prudence to the winds and rely on the care of others to watch over and protect him." *Korter* v. *Railroad Co.,* 87 Miss. 488; *Williams case,* 69 Miss. 639, 12 So. 957; *Aronola's case,* 78 Miss. 787, 29 So. 768; 34 Am. St. Rep. 645. The burden of exercising ordinary care is incumbent upon the party even if a licensee. *Nichols* v. *Railroad,* 83 Miss. 139, 36 So. 192.

It may be added that the so-called ditch involved in the instant case was at most not more than a foot wide and from three to eight inches deep. Even if it had crossed the regular path to the station, it was not an obstruction. The proof by the plaintiff is that it had smooth banks. However, as already shown, the proof shows that before the so-called ditch had reached the regular beaten path, it

had played out and ended in nothing, and at most there was a mere dampness or trickling of water where the beaten path was.

In the appellant's brief there is a rough diagram of the locality of the injury. This diagram, while showing generally the situation, is erroneous in showing the length of the ditch. As already shown by the evidence of both plaintiff and defendant, the ditch played out before crossing the pathway leading from the hotel to the station.

On the whole we submit that the plaintiff has totally failed to make out the case stated in her declaration, and the trial judge therefore properly directed a verdict for the defendant.

HOLDEN, J., delivered the opinion of the court.

Mrs. A. T. Byars appeals from a judgment peremptorily granted by the lower court in favor of the Yazoo. & Mississippi Valley Railroad Company, in a suit by her against the railroad company for damages for personal injuries received by her on account of falling in an excavation or ditch on its right of way while she was endeavoring to cross over the tracks to the depot at Coahoma, Miss.

Mrs. Byars was stopping at a hotel on the east side of the railroad tracks, which run north and south at Coahoma. After dark she started to cross over the tracks to the depot on the west side of the right of way. There was a board crossing over and between the tracks placed there by the railroad company for the use of persons desiring to cross the track to the depot at that point.

Near the plank crossing, a few feet northwest of it, was a water tank from which overflow water occasionally fell to the ground near the tracks, which necessitated draining by excavation to carry this water away from the tracks. The section foreman of the railroad excavated between the ties in the tracks, and toward the east, so that the water would drain off toward the east where it immediately spread out and disappeared upon the right of way. The

excavation between the ties was about six inches deep and ten inches wide, and was located at a distance of between five to fifteen feet north of the board crossing used by pedestrians.

On the night in question, Mrs. Byars, a middle-aged lady weighing about two hundred pounds, started from the hotel on the east side to cross over the tracks on the board walk to the depot on the west side. Before she got to the board crossing she turned and walked a few feet north of it, and there got upon the track and started to walk south on the track to the board crossing when she stepped into the excavation between the cross-ties which caused her to fall and suffer serious injury.

Mrs. Byars testified that the board crossing was in good condition and that the excavation in which she fell was several feet north of the board walk, and that she went upon the track north of the board crossing instead of going directly to it, because she thought there was a ditch or excavation in the pathway, on the right of way, leading from the street to the board walk, which she intended to cross over on in her journey to the depot. She said she had seen a negro boy fall in a ditch somewhere near that point during the day, which caused her to believe there was a ditch in the pathway that necessitated her walking around and getting upon the track north of the board crossing, and then walking south to the board crossing so as to cross over on it to the depot.

The conclusive evidence in the case shows there was no excavation or ditch made by the railroad company in the pathway leading to the board crossing; that the water which drained from the track at the tank through the excavation spread out before it reached the point where Mrs. Byars thought there was a ditch in which she might fall. The undisputed proof is that there was no necessity for Mrs. Byars to go upon the tracks north of the board crossing in order to safely cross the railroad. The excavation between the ties was necessary to drain and protect the track, and the railroad company could not have anticipated

that any person would use the track at that point for the purpose of walking over to the depot, instead of using the board walk near by. Therefore it appears conclusively that Mrs. Byars was a trespasser at the time she was injured, and was not at the place by invitation or necessity.

It is the contention of the appellant, Mrs. Byars, that the lower court erred in granting the peremptory instruction against her, for two reasons, first, that the railroad company was negligent in excavating across the pathway on the right of way which led to the board walk, as this fact necessitated her going upon the track north of the board walk in order to cross on it, resulting in her injury by stepping into the ditch between the ties of the tracks; and, second, that, even though she had no right to be at the place where she was injured and was a trespasser, still the railroad is liable for its willful and gross negligence in excavating between the ties, which made it dangerous for pedestrians walking upon the track.

We see no merit in either contention of appellant. At the time appellant received the injury she was a trespasser, and the railroad owed her no duty except to not willfully or wantonly injure her. There was no necessity for her leaving the safe and unobstructed pathway leading to the regular board crossing and going north to the point on the tracks where the excavation had been made to drain away the waste water from the tank. It seems that she made a mistake in doing this, which, of course, should not be charged against the railroad company. There appears to have been a reasonably safe way for the lady to have crossed the tracks to the depot. When she undertook to cross in another and unusual way, which proved to be unsafe, she did so at her own peril.

The contention that the excavation between the ties was willful negligence on the part of the railroad company is unsound. It was not negligence to excavate at that place. In fact it may be doubtful whether the excavation in this case amounted to mere negligence, though we do not decide, even if the party injured had had the right to walk

upon the track at that point. The excavation was shallow and was such as any prudent person walking upon the cross-ties of a railroad track should have guarded against. However, since the injured person had no right to walk upon the track at that piont, exclusion from recovery on this ground is sufficient.

The injury to the lady is of course regrettable, but it is not a case warranting a recovery on account of the negligence of the railroad company.

The judgment of the lower court is affirmed.

*Affirmed.*